Okay, we'll press on to case number 246137 Stark v. Reliance Standard Life Insurance Company. Counsel? May it please the court. My name is Glenn Mullins. Jerry Durbin and I are representing Jill Finley and Nancy Stark, her mother and her guardian in this case. Mr. Durbin and I will both be making presentations during this argument so you may see a wrestling match to some extent if the clock gets too low. I understand. I'll just warn you sometimes we mess that up, but go for it. I understand. And your honor, what I would like to do in my presentation is to show the particular provisions in ERISA that allow for the make whole relief that Jill Finley is seeking in this case. And then I would like to discuss the decisions that the district court cited where attorney fees have not been allowed by other circuit courts, and I would like to explain our position regarding why those do not apply in this case. Mr. Durbin will then, in rebuttal, will be providing the argument to the court to show why in this case the make whole relief should be applied. The our main contention, your honor, this is a ruling from the district court granting a 12 v 6 motion to dismiss for failing to state a name. The standard of review the circuit has said is de novo. To the extent the district court interpreted the ERISA statutes relating to remedies, that would also be a de novo review. Our contention is that in the complaint that we filed, as well as the documents that were attached to that complaint, which most if not all came from documents which would eventually be in the administrative record for reliance, these allegations were made. Jill Finley, when she was 31 years old, had a sudden death cardiac arrest, and as a result of that was in a coma for two weeks, had brain injury, cardiac damage. The social security determined she was disabled from all work. At the time of her event and her disability, Ms. Finley was working as a mortgage underwriter at Providence and under that was entitled to disability benefits under an own occupation policy if she could not work or perform the material duties of her occupation as a mortgage underwriter. For the next 14 years, Reliance received records from Ms. Finley's doctors and they did internal reviews and all those records showed she was continued to be disabled. After paying benefits for 14 years, Reliance terminated her benefits and gave Ms. Finley two reasons for why they were terminating. Both of those were false. Let me divert the argument a little bit and ask you a question about surcharges. Do you have any authorities where a circuit court has agreed that pre-district court litigation attorney's fees are properly recoverable as surcharges? No, sir. Okay. We have some district court. We've looked for those, obviously. I'm sure. Yes, in the courtroom, but there are some district court cases that have denied motions to dismiss where that has been claimed the pre-dedication administrator proceedings attorney fees for those and has denied the motion to dismiss to allow that be evaluated by the court once discovery if allowed and evidence is presented as far as the fiduciary. Of course, that's ambiguous because there are many district judges, some of whom probably we all know personally, that simply dismiss motions on that basis that is inefficient to resolve things prematurely unless there's a clear record already established. That's correct, Your Honor. We, and as I want to get into, the problem we have with the other district or the other RISA and that statute is not providing make whole relief. That is providing attorney fees where there's been a claim for benefits made and then there's a claim for attorney fees to include both during the action as well as before and during the administrative proceedings. Okay. Our argument and our contention is our claim for make whole relief for Jill is under 1132A3. It is a specific make whole relief provision there and that's what we say makes the difference between what happens in those cases and what happens in our case. Isn't it an issue, so attorney's fees are a special animal in federal litigation and in litigation period, generally, you don't get to recover your attorney's fees and here we have a comprehensive statute that addresses many things and one of the things it says is there are going be some instances where we're going to let you recover attorney's fees and it specifies what those are but one of those instances is not yours and so it seems that when you have a comprehensive statute and a disfavored recovery, I'm going to just throw it out there, the attorney, recovery of attorney's fees is generally disfavored in American law that creates a problem for you trying to to sweep those into a surcharge recovery. Yes, your honor and I think it was significant as far as the Castillo decision by the ninth circuit in the Castillo decision. It stated that the attorney fee provision 1132 g1 does not prohibit there being attorney fees recovered as a make whole relief under 1132 a3 and so our position is that the comprehensiveness of the RISA is providing the fact that if there is a breach done by a fiduciary and that is a situation where there can be equitable relief provided. The supreme court has indicated that that can include a surcharge monetary relief in the form of a surcharge to make whole the victim of the fiduciary breach in our case. Counsel, could I just jump in and ask you a question about what you just said? So let's assume that you can get around 1132 g and make an argument for equitable relief under 1132 a3. Don't you still under the law of equity need to point to a specific fund or asset in reliance's possession to recover the surcharge? In other words, even if the statute doesn't block you from doing that, isn't that a requirement for equitable relief? I don't believe so, your honor. I think once the the Cigna versus Amara case decision came out it didn't discuss the fact of going back to where you had to have a specific fund. This is where you have a fiduciary breach and you're providing make whole relief from the fiduciary who did the breach. Well, but then what do you do with the follow-on case from the Supreme Court, Montanil, that discussed the Cigna language as dicta and reasserted the specific fund or asset requirements? Why doesn't Montanil block your surcharge argument? I think it does not apply to this case. Montanil was a plan reimbursement claim and in the footnote where they made that reference there's been no other circuit court that's followed that as other than the Rose decision that we cited in our brief. There have been several circuit courts that have discussed the surcharge monetary relief since Montanil and none of them have adopted the interpretation that Rose did of that provision and so from our perspective it does not change Amara and the statement in Amara that whole make whole relief is available for fiduciary breaches and that's what we're you know this court didn't this court rely on Montanil and uh the great western teats versus uh great western um did it rely on Montanil to to deny uh relief because of the lack of a specific fund from which the equitable relief could be accomplished and your honor I hope I'm understanding correctly but my understanding of that case was the court cited Amara for the fact that a surcharge or make whole relief could be made available. I thought it also cited Montanil. I believe so but I don't think it did preclude the statement in Amara that um makeover relief is available. The point that I would like to also make before my time is that the attorney fees are obviously a large part of the um makeover relief that uh Ms. Finley's seeking. There were also additional costs that would be the cost of having a consultation with medical expert vocational experts. Those would be something that Ms. Finley should be entitled to for make whole relief. There's also the their refusal to provide information as requested. There's also statutory penalties that can be provided if they don't provide the documents they're required to do by arrest law. So those are other types of make whole relief that Ms. Finley's entitled to. I'd like to now reserve the rest of our time so I can stay alive on the trip home for rebuttal. Thank you. Thank you your honor. Yep thanks. Good morning your honors. May it please the court. I'm Joshua Backrock. I represent the Appellee Reliance Standard Life Insurance Company and turning first to the uh the issue of the fees. Uh council had also mentioned just now that they're also requesting costs but the uh the ERISA statute g1 includes fees and costs of action. So it encompasses not only any for fees but also costs they're saying that they should get. But they're not entitled to it because under the plain language in the statute and as seven circuits have held it does not apply to fees and costs for appealing a denied claim for exhausting administrative remedies. So council is trying to backdoor that by saying no I want it under a3 as appropriate equitable relief. But the problem there as the court alluded to is that in Mass Mutual versus Russell and in other cases by the Supreme Court of the United States the court said that the six carefully uh enacted remedial provisions in the ERISA statute demonstrate that congress didn't intend courts to infer additional remedies that it simply forgot. But that's what they're trying to do here. They're saying yes there's the statute even though it's specific you should you should get around it and give us more remedies and and you're not allowed to do it especially in the context of fee statutes where congress has said that you or the I'm sorry the supreme court has said you have to interpret fee statutes strictly because it is not the norm. Well I was writing something down at the time and I missed which case you were referring to here. Massachusetts Mutual Life Insurance Company versus Russell yeah the site on that is 473 U.S. 134 and there are subsequent cases that make the same point including I believe Aetna Health Inc versus Davila by the supreme court which is mid-2000s. The other problem here is uh so under a3 you have to make a claim for other appropriate equitable relief but if we already have a provision in the statute that addresses fees it can't be considered appropriate or other relief. It's the same relief that's in the statute but it's not allowed under these circumstances so a3 doesn't apply. And then the other point on is it can't even be considered equitable. As uh Judge Matheson pointed out this court the supreme court in numerous cases you start out with the Knutson case then the Saraboff case and most recently the Montaniel cases said that if you're seeking monetary damages as equitable relief you have to have strict tracing. You have to be able to identify that raise that that money that in good conscience belongs to you. Once you're claiming any money from the general assets of the defendant it's not equitable it's illegal relief. And um as your honor pointed out in the Teats versus Great West life case 921 f third 1200 this is a good discussion of this issue of what is equitable versus legal relief and it addresses not specifically this issue but I think it's directly on point with this issue in saying that they're seeking money damages. You can't get that. What about her claim about the social security deducts um and her her position on that? I mean that would be her money that's in your client's position. Yeah but it's it's not a valid claim for a number of reasons. Um so what happens here is the policy has a gross benefit amount and from it you subtract other income benefits that a person receives. There is no language in the policy that says if it causes you financial hardship hardship we're not going to do it. They are confusing an issue that if social security isn't yet awarded and is estimated we'll not collect it and we did that with Ms. Stark. But as soon as it was awarded she repaid all the money back and the offset applied and that happened for 12 years. It's not until this most recent lawsuit that she then complained. I'm sorry prior to the lawsuit when the claim was denied and then reinstated that she complained and said no it causes me financial hardship. Right I guess my my point was though that your position on that and your position on the attorney's fees as a surcharge are different. Oh clearly yeah yeah they're clearly different um for a number of reasons. One is financial hardship isn't a form of equitable relief. I've done research on this. I couldn't find a single case in any treatise uh referring to it that says financial hardship is equitable. It's just not true. The bigger problem that they have is this. There's something called the plan document rule under ERISA. The Supreme Court has a plain plan document plan document rule. I apologize yeah it's that Boston accent comes out once in a while and what that says is and it was in the state of Kennedy case it was in Boggs v. Boggs. You have to follow the plain language in a plan document and this plan document says this offset applies. There is no language that allows it to be excused. So in U.S. Airways v. McCutcheon the Supreme Court addressed a claim saying we want um we want to avoid obligations under unjust enrichment theory and unjust enrichment can be an equitable theory yeah but the Supreme Court said you can't still rely on it. Why? Because it would eliminate the language in the plan. You can't use equitable principles to avoid the language in a plan document. So for that reason there is no valid claim related to uh the social security issue. And again they didn't even protest it for years and years. Now they're arguing that she was forced or coerced into it. That wasn't raised in the district court. It's been waived. It's also non-existent. It's just not a fact. Um going back to the fees I'd like to point out council had mentioned the Castillo case Castillo case out of the Ninth Circuit and suggested that it supports their position on fees under a3 but that's simply not true. In Castillo there is a claim for attorneys fees for exhausting administrative remedies under a3 and the district the circuit court rejected it. In discussing the lock the con decision which says you can't get those fees the court says that any inference that you should be authorized that fees for administrating can be authorized persuades us that a3 does not authorize an award of attorneys fees incurred during the administrative phase of the ERISA claims process. So that case clearly does not support their position. The only other point I'd like to make is there is an argument the third claim for relief deals with a claim that we did not provide documents or information during the appeal. Now council says that that leads to a statutory penalty claim. There is no statutory penalty claim for failing to provide plan documents and it can only be asserted against the plan administrator. My client is not the plan administrator my client is the claim fiduciary. So there's not a valid claim to begin with but as I said that only applies anyway to plan documents. If you look at the complaint the third claim for relief identifies what they're saying we should have provided during the appeal and it is information on the qualifications of our medical and vocational experts information on the conflict of interest as well as information on what steps were in take were taken by reliance to investigate the claim. There's nothing in the ERISA statute that requires us to provide that information and the regulation by the way is very thorough. We have provide a copy of the claim file during the appeal. We don't have to answer those questions. So there is no statutory penalty claim more importantly there was no breach of fiduciary duty by my client not providing that. Are you saying your only obligation no matter what a claimant asks is not any obligation to answer the question but simply refer to a document and say that's the end of the story. It's kind of like a judge that would say I'm sorry we can't answer your jurors questions uh you've got to look at the evidence. I would never say that my that that uh the plans are like judges uh although they do make important decisions uh but I there are times when they will respond but what happened here was council was asking questions that are maybe maybe important during the lawsuit litigation conflict of interest are your experts qualified that may be important during litigation it's not important during the appeal but the big point here is for an a3 claim for breach of fiduciary duty under Cigna versus Amara they have to show that there was actual harm to the claimant so they're saying I need this information during the appeal there was no actual harm because the appeal was granted benefits were reinstated so they suffered zero harm whatsoever so that claim also fails the district court did a good job in analyzing the issues the fact here is that the law does not support any of the claims that were certainly complained and and unless there are any questions from the panel um it's our position that this isn't even a closed call that the district court correctly dismissed the complaint and that should be affirmed and you're in the and the harm that they have to allege has to has to flow from the not providing the information they want that is correct okay that is correct your honor now so could I just the fees and costs issue um is it your position that a plan participant like miss finley can never recover fees and costs and fighting termination of benefits as long as they're reinstated uh before litigation that is what seven other circuit courts of appeal have held based on the fact that the language in the statute says action action meaning court proceedings your honor we have even if the termination is uh groundless and arbitrary uh there's no recourse that that that's what you're saying the law is that's the law because that's basically what your honor is saying that now you're having a bad faith claim but that bad faith claims we know are preempted well I'm just trying to I I'm just trying to find just trying to determine how far this this uh prohibition goes um from from your perspective so no recourse uh really no matter what happens in termination proceedings well if it if it's if the appeal is not granted and it goes to litigation they can recover their fees and costs during the litigation but the statutory language is clear and you know since you brought up your honor I do want to I guess address a few brief points this claim denial wasn't arbitrary and it wasn't thrown at the left counsel I'm not suggesting that I just want to see how far you're going with your position but I did not say that understood your honor I understand your honor I just want to point out that there were reasons why the claim was denied she was claiming significant problems at one point but then we find out she's living on her own she's actually driving a car there were certain tests that were performed that suggested she had cognitive function that was in the average range so that's the whole purpose of the full and fair review requirement under 29 USC 1133 if a claim is denied then they have the right to appeal and correct it we received new information it supported the claim and that decision was corrected and as your honor probably knows going back to your point you know the the ERISA statute represents a number of compromises and I think that's the best way to view the issue of fees for exhausting your administrative remedies that was one of the compromises that was made other statutes for example civil rights statutes the language in says actions or proceedings so courts have self said that if you're going through some administrative proceeding then you're entitled to those fees this one limits us to actions that was part of the compromise in enacting ERISA your honor thank you thank you counsel Judge Matheson would you oppose giving Mr. Mullins an extra two minutes here so his drive home is more friendly that sounds I think he doesn't okay can we add two minutes on here Paul thank you very much yeah one thing's not been mentioned here today is that the denial of these benefits was based upon lies what are based upon lies I know it's a harsh word but there is nothing in the record every doctor's report in the record every vocational record vocational rehabilitation record in the record says she can't work everyone there's not one medical doctor that supports the denial and yet this insurance company knows that they have a brain damaged art attack woman who doesn't have a legal education who's living now on eleven hundred dollars a month and they expect her to be able to put together an appeal to raise the issues she can't do that she can't afford a lawyer here Glenn and I doing this because we think it's the right thing we think it's the right thing because this insurance company put this woman in a position of losing of living the rest of her life on eleven hundred dollars a month they denied it because she was cognitively normal the doctor who wrote a report that this adjuster took that from wrote a letter to the adjuster said I am offended that you would characterize my report as cognitively normal she is far from cognitively normal I twice said the doctor said in the report she can't work they base this on a lies and the lies are what we are here to talk about this court doesn't support liars this court doesn't stand for lies and yet to allow this to go forward says to all the insurance companies out there you can lie to deny claims under ERISA and they can't do anything about it because if they appeal and they catch us lying you get your benefits back and that's and that's what happened here so if we look at the record there were some things mentioned by your opposing counsel driving doing other things that suggest that maybe there was improvement despite these doctors uh reports um doesn't that if if we look at the record and those are in fact in there doesn't doesn't that change the analysis just a little bit I mean it doesn't make it outright lies doesn't if the record said those things she doesn't live alone she lives with a roommate she tried to live alone she couldn't do it she has a guardian she drives a car she socializes the examples they gave the denial letter where she can walk her dog she can socialize she can didn't say drive a car but she can drive a car she's not brain dead she's brain disabled from performing the material duties of mortgage underwriter once again every doctor in the file says that every vocational rehabilitationist says that it is uncontroverted and it is those lies that put this woman in this position of having to appeal probably on hindsight if we'd have been smart and conniving we would have written something silly for for jill to file and they would have denied it and then we could have come into court and argued this and been entitled to the hours and hours and hours we've spent presenting jill's case she is disabled she has not been said by any doctor that she can work exactly the opposite so why should this court allow an insurance company to lie to deny benefits under the protection of erisa so apparently she's getting all these benefits again although with the offset of her of her federal disabilities isn't that right she's living on two thousand dollars a month but she's getting the equivalent of what she would have gotten had the insurance company paid those disabilities because they're saying you got it in another way that's correct yeah and she's getting it because we filed in a we filed an appeal with the insurance company and lied and they came and said oh okay you're right we'll give her what she's always entitled to she isn't getting anything extra she's all from the day she had her heart attack she has been disabled and there's nothing that's changed since then not a doctor's report so we just asked for our day in court for jill thank you counsel i got 10 seconds no you're you're out of time you're well you're 13 over hold on let's make sure judge and doesn't have anything okay all right no i think we're good the case will be submitted and counsel are excused and the